OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

July 6, 1999

The Honorable Elliott Naishtat
Chair, Committee on Human Services
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. JC-0072

Re: Whether the Texas Board of Human Services may adopt a rule that authorizes a personal-care facility to provide "occasional nursing services" to its residents (RQ-1170)

Dear Representative Naishtat:

A personal-care facility[1] may assist its residents with their "personal needs or maintenance," administer medication to its residents, and generally supervise residents' physical and mental well-being. TEX. HEALTH & SAFETY CODE ANN. § 247.002(3)(B), (4)(A), (B), (C) (Vernon 1992). The Texas Board of Human Services (the "Board"), which is responsible for regulating personal-care facilities, see id. §§ 247.002(1), .025, .026 (Vernon 1992 & Supp. 1999), has adopted a rule that authorizes the licensed nursing staff of a personal-care facility to provide "occasional nursing services" to certain residents. Your predecessor in the chair asked whether the Board's rule illegally expands chapter 247 of the Health and Safety Code "by authorizing personal care facility staff members to provide nursing services on behalf of the personal care facility that the personal care facility is not otherwise authorized by law to provide." Letter from Honorable Harvey Hildebran, Chair, Committee on Human Services, to Honorable Dan Morales, Attorney General 2 (July 20, 1998) (on file with Opinion Committee). We believe the rule is ultra vires to the extent it permits a personal-care facility to provide services beyond the personal-care services enumerated in section 247.002(4) of the Health and Safety Code.

State law establishes various types of facilities to provide differing degrees of care depending upon residents' particular residential and health-care concerns. A convalescent or nursing home established under chapter 242 of the Health and Safety Code, for example, may provide "minor treatment under the direction and supervision of a physician . . . , or other services that meet some need beyond the basic provision of food, shelter, and laundry." TEX. HEALTH & SAFETY CODE ANN. § 242.002(6) (Vernon Supp. 1999), amended by Act of May 19, 1997, 75th Leg., R.S., ch. 693, § 2, 1997 Tex. Gen. Laws 2315, 2328 (defining "institution"). A continuing-care facility established under chapter 246 of the Health and Safety Code may furnish "personal care services, nursing

---

[1]Beginning September 1, 1999, the term "personal care facility" will be replaced in the statute by the term "assisted living facility." See Act of May 14, 1999, 76th Leg., R.S., S.B. 93, § 1 (to be codified at TEX. HEALTH & SAFETY CODE ANN. ch. 247).

services, medical services, or other health-related services." *See id.* § 246.002(3) (defining "continuing care"). A special-care facility established under chapter 248 of the same code may provide "a continuum of nursing or medical care or services" to terminally ill patients. *Id.* § 248.002(8) (Vernon 1992) (defining "special care facility"); *see also id.* § 248.002(3), (4), (7) (defining "medical care," "nursing care," and "services"). Because of the variety of residents' needs, no one type of facility can serve all types of residents. The issue your predecessor raised requires us to place a personal-care facility within the spectrum of facilities available.

The Personal Care Facility Licensing Act (the "Act"), TEX. HEALTH & SAFETY CODE ANN. ch. 247 (Vernon 1992 & Supp. 1999), under which a personal-care facility must be licensed, *see id.* § 247.021(a) (Vernon Supp. 1999), authorizes such a facility to "(A) furnish[] . . . food and shelter to four or more persons who are unrelated to the proprietor . . . ; and (B) provide[] personal care services." *Id.* § 247.002(3) (Vernon 1992). Section 247.002(4) of the Health and Safety Code defines the term "personal care services" narrowly:

> "Personal care services" means:
>
> (A)   assistance with meals, dressing, movement, bathing or other personal needs or maintenance;
>
> (B)   the administration of medication by a person licensed to administer medication or the assistance with or supervision of medication; or
>
> (C)   general supervision or oversight of the physical and mental well-being of a person who needs assistance to maintain a private and independent residence in a personal care facility or who needs assistance to manage the person's personal life, regardless of whether a guardian has been appointed for the person.

*Id.* § 247.002(4).[2] The Board is required to adopt rules necessary to implement the Act and to prescribe "minimum standards" to protect personal-care-facility residents' health and safety. *See id.* § 247.026. Among other things, the minimum standards must "clearly differentiate a personal care facility from an institution required to be licensed under [Health and Safety Code] Chapter 242," *i.e.*, a convalescent or nursing home. *Id.* § 247.026(b)(1) (Vernon Supp. 1999).

---

[2]Recent legislation amending other provisions of chapter 247 of the Health and Safety Code does not alter the statutory definition of the term "personal care services." *See* Act of May 14, 1999, 76th Leg., R.S., S.B. 93, § 1, sec. 247.002(5). However, the 1999 amendments renumber section 247.002(4) of the Health and Safety Code as section 247.002(5). *See id.* The renumbering will be effective September 1, 1999. *See id.* § 16.

The Board promulgated a rule authorizing a personal-care-facility to provide "occasional nursing services":

> Structured or organized medical, nursing, or other care as found in licensed hospitals and licensed nursing facilities, and similar specialized facilities, cannot be furnished by the licensed personal care facility staff, but licensed nursing staff may administer medication and provide general supervision or oversight of the physical and mental well-being of residents, *including occasional nursing services* consistent with the needs of individuals described in § 92.41(d)(2)(A) of this title . . . , enabling them to maintain their independence. Residents may contract to have home health services delivered.

23 Tex. Reg. 7042 (1998) (to be codified as an amendment to 40 TEX. ADMIN. CODE § 92.2(b)(2)) (emphasis added). Section 92.41(d)(2)(A), mentioned in the rule just quoted, prohibits a personal-care facility from admitting or retaining as a resident "an individual requiring the services of facility employees who are licensed nurses on a daily or regular basis," but excludes from the prohibition "[i]ndividuals with a terminal condition or [who are] experiencing a short-term, acute episode." *Id.* at 7046 (to be codified as an amendment to 40 TEX. ADMIN. CODE § 92.41(d)(2)(A)). A "terminal condition" is a "medical diagnosis, certified by a physician, of an illness which will result in death in six months or less." *Id.* at 7044 (codified as an amendment to section 92.3(28)). A "short-term acute episode" is an "illness of less than [thirty] days duration." *Id.* (codified as an amendment to section 92.3(25)).

We assume for the purposes of this opinion that the term "occasional nursing services" as used in the Board's rule includes activities requiring more nursing skills than do the personal-care services listed in section 247.002(4) of the Health and Safety Code. Neither the Act nor the Board's rule defines the term. But related statutory definitions indicate that our assumption is correct. *See* TEX. GOV'T CODE ANN. § 311.023(4) (Vernon 1998) (stating that in construing statute court may consider laws on same or similar subject). For example, the same 1989 legislation that adopted the Act also defined the term "nursing care" for purposes of the Texas Special Care Facility Licensing Act, TEX. HEALTH & SAFETY CODE ANN. ch. 248 (Vernon 1992 & Supp. 1999), to include functions requiring more nursing skills than do the personal-care services listed in section 247.002(4):

> "Nursing care" means services provided by nursing personnel as prescribed by a physician, including services to:
>
> (A)  promote and maintain health;
>
> (B)  prevent illness and disability;

(C)    manage health care during acute and chronic phases of illness;

(D)    provide guidance and counseling of individuals and families; and

(E)    provide referrals to physicians, other health care providers, and community resources when appropriate.

*Id.* § 248.003(4) (Vernon 1992); *see* Act of May 28, 1989, 71st Leg., R.S., ch. 1085, sec. 16, § 1.02(4), 1989 Tex. Gen. Laws 4438, 4446. Chapter 242 of the Health and Safety Code, pertaining to convalescent and nursing homes, suggests that nursing services involve a comprehensive plan of care for each resident. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 242.153(1), .154(b)(1) (Vernon Supp. 1999) (describing duties of director and provider of nursing services). Additionally, the State licensing act for registered nurses defines the practice of nursing to include observing, assessing, intervening, evaluating, rehabilitating, caring for, and counseling the sick. *See* TEX. REV. CIV. STAT. ANN. art. 4518, § 5 (Vernon 1999); *see also id.* art. 4528c, § 1(c), (e) (defining "nursing" and "vocational nursing"). Federal Medicare regulations list as "[s]ervices that qualify as skilled nursing services" certain injections, intravenous or enteral feeding, "[i]nsertion and sterile irrigation and replacement of catheters," and "[t]reatment of extensive decubitus ulcers or other widespread skin disorder," among other things. *See* 42 C.F.R. § 409.33(a) (1998). By contrast, the same regulation lists as examples of personal-care services "[a]dministration of routine oral medications, eye drops, and ointments"; "[g]eneral maintenance care in connection with a plaster cast"; and "[p]eriodic turning and positioning in bed," among other things. *See id.* § 409.33(c).

In our opinion, the Act permits a personal-care facility to furnish only those personal-care services listed in section 247.002(4) of the Health and Safety Code. *See supra* at 2 (quoting section 247.002(4)). The Act's definition of the term "personal care services" is exclusive, not inclusive. *Cf.* TEX. GOV'T CODE ANN. § 311.005(13) (Vernon 1998) (defining "includes" and "including" as terms of enlargement); BRYAN A. GARNER, A DICTIONARY OF MODERN LEGAL USAGE 287 (1987) (stating that word "including" "should not be used to introduce an exhaustive list, for it implies that the list is only partial"). Accordingly, a personal-care facility may furnish to residents only assistance "with meals, dressing, movement, bathing, or other personal needs or maintenance"; administration of medication to a resident if the staff member is "licensed to administer medication" or supervision of a resident's self-medication; and general supervision of a resident's physical and mental well-being. TEX. HEALTH & SAFETY CODE ANN. § 247.002(4) (Vernon 1992). We find nothing in the statute that authorizes a personal-care facility to furnish nursing services, occasional or otherwise, beyond what may be classified as a personal-care service under section 247.002(4).

Moreover, while the Board has broad authority to adopt "rules necessary to implement" the Act, *id.* § 247.025, and minimum standards to protect residents' health and safety, *see id.* § 247.026, the Board may not expand the nature of the services a personal-care facility may offer beyond the personal-care services listed in section 247.002(4) of the Health and Safety Code. An administrative

agency may adopt a rule only if the rule is authorized by and is consistent with the agency's authority. *See Railroad Comm'n v. Lone Star Gas Co.*, 844 S.W.2d 679, 685 (Tex. 1992) (quoting *State Bd. of Ins. v. Deffebach*, 631 S.W.2d 794, 798 (Tex. App.–Austin 1982, writ ref'd n.r.e.)); Tex. Att'y Gen. Op. No. DM-292 (1994) at 2. "The determining factor in this . . . decision[] . . . dealing with the question of whether or not a particular administrative agency has exceeded its rule-making powers is that the rule's provisions must be in harmony with the general objectives of the Act involved." *Gerst v. Oak Cliff Sav. & Loan Ass'n*, 432 S.W.2d 702, 706 (Tex. 1968). To determine whether a rule is "in harmony with" the adopting agency's statutory authority, a court will consider the agency's express as well as implied powers. *See Railroad Comm'n*, 844 S.W.2d at 685; *Gerst*, 432 S.W.2d at 706; Tex. Att'y Gen. Op. No. DM-292 (1994) at 2. To the extent the rule authorizes a personal-care facility to offer nursing services beyond the personal-care services listed in section 247.002(4) of the Health and Safety Code, it is not in harmony with the Board's statutory power, and it is, therefore, ultra vires.

Our opinion should not be read to restrict a personal-care facility's ability to respond to emergency medical situations. The manager of a personal-care facility may be trained in "basic emergency first aid." *See* 40 TEX. ADMIN. CODE § 92.41(a)(1)(C)(vii) (1998) (Texas Dep't of Human Servs., Personal Care Facilities) (requiring manager of a licensed facility to receive six hours annually of continuing education in at least one specified area). Other staff members also may be trained in emergency first aid. In addition, a personal-care facility is required to "stock and maintain" appropriate first-aid supplies. *See id.* § 92.41(f)(2); *see also id.* § 92.41(f)(1) (prescribing actions personal-care facility is to take in event of accident or injury requiring emergency medical, dental, or nursing care).

Thus, disregarding emergency situations, the nature of services a personal-care facility may offer is limited regardless of whether the facility employs a professional or licensed vocational nurse. In a setting other than a personal-care facility, a professional or licensed vocational nurse may perform nursing services beyond those listed in section 247.002(4) of the Health and Safety Code. *See* TEX. REV. CIV. STAT. ANN. art. 4518, § 5 (Vernon Supp. 1999) (defining "professional nursing"); *id.* art. 4528c, § 1(e) (Vernon Supp. 1999) (defining "vocational nursing" or "vocational nursing services"). Incidentally, the Act does not require a personal-care facility to employ a nurse. *Cf.* TEX. HEALTH & SAFETY CODE ANN. § 247.026(e), (f) (Vernon Supp. 1999) (requiring Board of Human Services to establish standards requiring personal-care-facility employees to receive training in geriatric care and making eligible for certification as medication aide certain personal-care-facility employees).

In comments submitted to this office, some have argued that so long as the level of services a personal-care facility may offer are "clearly differentiate[d]" from those offered in an institution licensed under chapter 242 of the Health and Safety Code (*i.e.*, a convalescent or nursing home), the Board is not precluded from adopting a rule authorizing personal-care-facility staff to perform the services. *See* Letter from Honorable Mike Moncrief, Texas State Senate, to Sarah J. Shirley, Chair, Opinion Committee, Office of the Attorney General 3 (Oct. 9, 1998) (on file with Opinion Committee); Brief from Frances Hamermesh, Davis & Wilkerson, P.C., attached to Letter from

David Latimer, Vice President for Government Affairs, Texas Association of Homes and Services for the Aging, to Sarah J. Shirley, Chair, Opinion Committee, Office of the Attorney General 4 (Sept. 11, 1998) (on file with Opinion Committee). While the Board, by its rules, may distinguish between personal-care facilities based upon "the level of personal care provided," among other factors, *see* TEX. HEALTH & SAFETY CODE ANN. § 247.026(c) (Vernon 1992), the Board may not expand the definition of "personal-care services" to include nursing services beyond the scope of personal-care services. *See id.* § 247.002(4).

We also disagree that the rule is authorized, as some suggest, by section 247.026(b)(2) of the Health and Safety Code. Section 247.026(b)(2) requires the Board's minimum standards to "ensure quality care and protection of the residents' health and safety without excessive cost." *Id.* § 247.026(b)(2) (Vernon Supp. 1999). Even if we assume that permitting personal-care-facility staff members to perform "occasional nursing services" in the circumstances described in the Board's recent rule will save residents money—and this assertion is contested[3]—mitigating costs is only one factor the Board may consider in adopting its minimum standards. Furthermore, the Act does not permit the Board to expand, for any reason, the services a personal-care facility may offer facility residents beyond those listed in section 247.002(4).

A personal-care facility, as its name suggests, may offer only personal-care services. When a resident cannot obtain the appropriate level of care from a personal-care facility, the resident's own health and safety require that the resident either contract with a qualified provider to have the services delivered or relocate to a facility properly and specifically authorized to provide nursing services commensurate with the resident's needs. *See* 40 TEX. ADMIN. CODE § 92.41(f)(3) (1998) (Texas Department of Human Servs., Personal Care Facilities).

---

[3]One brief submitted to this office suggests, among other things, that a hospice may in fact be the most cost-effective alternative for a terminally ill resident. *See* Letter from Anita Bradberry, Executive Director, Texas Association for Home Care, to Honorable Dan Morales, Texas Attorney General 2 (Sept. 28, 1998) (on file with Opinion Committee).

## S U M M A R Y

To the extent the Texas Board of Human Services has adopted a rule (40 TEX. ADMIN. CODE § 92.2(b)(2) (1998)) that authorizes a personal-care facility to furnish nursing services beyond assisting with personal needs or maintenance, administering medications, or generally supervising residents' physical and mental well-being, the rule is ultra vires.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Prepared by Kymberly K. Oltrogge
Assistant Attorney General